Curia, per

Evans, J.
By the common law, if the purchaser of a chattel paid a full price, the seller was understood to warrant the title ; but this implied warranty did not extend to the quality or goodness of the article sold.. But at a very early period of our judicial history we adopted a different rule, and held that where a fair price was paid, the law implied a promise by the seller, that the article sold was sound ; that is, that it was what its external appearance indicated it to be. This, of course, did not extend to known and visible defects. This rule was adopted from the civil law, and was considered an anomaly in those States where the common law prevails. But recently, the English courts seem inclined to depart from the strictness of their ancient rule, and have held that on the sale of manufactured goods, a warranty was implied from the custom of trade, that the goods were merchantable or fit for the purposes intended, 4 Taun., 847; so, also, if an article was sold for a particular purpose, the law implied a warranty that it was reasonably fit for the purpose, 4 Barn. & Cres., 108, and in New York and some other States, a disposition is manifested to adopt a similar rule. In the case of Spears vs. Wells, 1 McCord, 421, we have engrafted into our law *319 -another principle in relation to implied warranties, viz: that the implied warranty arises, notwithstanding there is an express warranty of title. The general rule of evidence is, that where the parties put their contract in writing, that is the only evidence of what they intended, and everything else is excluded. “ It would be inconvenient, says Lord Coke, that matters in writing, made by advice and on consideration, and which, finally, import the certain agreement of the parties, should be controlled by the uncertain testimony of slippery memory.” Whether the rule in Spears vs. Wells, be wise or not, is not now an open question, and we have no inclination to depart from it. It has certainly opened a door to much litigation, and this should admonish us not to extend it. The rule as laid down, can arise in those cases only, where the express contract is silent. If there be any stipulation in the written contract in relation to the soundness or quality of the thing sold, the law will imply nothing beyond what the parties have contracted, as in the case of McLauchlin vs. Horton, 1 Hill, 383, where the warranty was that the negro was sound, ns far as the seller knew. In this case, there is no doubt, the price paid was a full one, and hence, according to Spears vs. Wells, the law raises the implied warranty that the negro was sound ; but to this implied warranty it is replied, that the defendant refused to put any such warranty in the bill of sale. Now nothing can be clearer than that nothing can be implied against the contract of the parties. If the seller expressly refuse to warrant, there can be no pretence for raising the implied warranty. The law implies nothing contrary to the stipulation of the parties, and hence, in the case of Smith vs. The Bank of the State of South Carolina, Riley’s Ch. Rep., 113, where the seller stluck the clause of warranty out of the deed, it was decided in the Court of Equity, that there was no implied warranty. The reason of the rule is clear. The refusal, is notice, that the party does not intend to be bound further than his written contract goes, and he who buys after such notice, must take the thing purchased subject to the rule of caveat emptor. I have felt the full force of my brother O’Neall’s dissent, in the case of Venning vs. Gantt, Cheves’s Rep., 87, that where there is a refusal to warrant, or where *320 a defect is pointed out or known, there is no implied warranty. But what amounts to a refusal to warrant, must, in general, be submitted to a jury to decide. If the defendant had simply refused to put the warranty in the bill of sale, I should have considered that (like the case of Smith vs. The Bank,) to be a refusal to warrant. Suppose he had said, “ I will not put it in the bill of sale, but the price is a full price, and the law implies a warranty from that”— would he not be bound ? The defendant refused to insert a clause of warranty in the deed, but went on to assign as a reason, “ that he never required it when he bought, and would not insert it when he sold” — “ that the price was a good one, and sufficient evidence that he thought the negro sound.” The matter has been submitted to a jury, with proper instructions, and by their verdict, they have established, that there was no refusal to warrant. The motion for a new trial, must, therefore, be dismissed.
Richards on, Butler, and Wardlaw, JJ., concurred,
O’Neall, J., dissented.